NOT FOR PUBLICATION                                                      CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NEZAJ FATMIR,                  :

        Petitioner,        :        Civil Action No. 13-7659 (SRC)

        v.                         :

ERIC H. HOLDER, JR., et al.,     :        **OPINION**

        Respondents.     :

**CHESLER, District Judge:**

    Petitioner is a native and citizen of Kosovo[1] and a removal-period detainee confined at the Essex County Correctional Facility, Newark. He filed a § 2241 petition ("Petition") and later submitted his $5 filing fee. See ECF Nos. 1 and dated Jan. 14, 2014. The Petition asserted that, on May 14, 2013, Petitioner's immigration judge ordered him removed to his country of origin, and he did not appeal that order. See ECF No. 1, at 3. The Petition also asserted that he was taken into custody of the Department of Homeland Security ("DHS") on April 10, 2012, after serving the penal term underlying his removal. See id.

    Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), and asserting that periodic agency reviews deny him procedural due process, Petitioner stated his interest in withholding of removal and requested release from confinement or a bond hearing before an immigration judge. See id. at 4-9.

    The Petition, as drafted, merits no relief.

---

[1] "The United States established diplomatic relations with Kosovo in 2008, following its declaration of independence from Serbia." U.S. Dep't of State, Bureau of European and Eurasian Affairs, U.S.-Kosovo Relations at http://www.state.gov/r/pa/ei/bgn/100931.htm.

Section 1231(a)(1)(A) provides that the government has a 90-day period to remove an alien ordered removed from the United States ("removal period"). This removal period starts on the latest of the following: (a) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals ("BIA") was either taken and ruled upon, or the time to appeal expired); or (b) if the removal order is judicially reviewed and, in addition, if a circuit court ordered a stay of the removal, then it is the date of the court' final order as to that removal, or (c) if the alien is detained or confined (except under an immigration process), then it is the date when the alien is released from that underlying confinement. See 8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's removal period was triggered when his time to appeal to the BIA expired, i.e., on June 14, 2013. See 8 C.F.R. § 1240.15.

In Zadvydas, the Supreme Court extended the removal period by holding that aliens may be detained under § 1231(a)(6) for "a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. Recognizing that this holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration in the federal courts," recognized a six-month "*presumptively* reasonable period of detention." Id. at 700-01 (emphasis supplied). However, the Court stressed that even

> [a]fter this 6-month period, o[nly if] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701. The alien has the burden of "provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence. See id.; see also Encarnacion-Mendez v. AG, 176 F. App'x 251, 254 (3d Cir. 2006).

Here, Petitioner asserted that, since "Kosovo has a special [t]reaty with the United States on the procurement of travel document that must be initiated by the [DHS], with or without the [alien] petitioner's consent or contribution to the process . . . , there is no 'realistic chance' that . . . Kosovo would accept Petitioner or provide the necessary documents in the foreseeable future." ECF No. 1, at 4 (internal quotation marks in original). However, this Court's survey of treaties between the United States and Kosovo did not locate any compact related to procurement of documents for Kosovars being removed from the United States. See Republika e Kosovës, Ministry of Foreign Affairs, International Agreements at http://www.mfa-s.net/?page=2,72. Moreover, even if such treaty exists, it would facilitate, rather than obstruct, Petitioner's removal, hence rendering it foreseeable. And while Petitioner's removal period has slightly exceeded the presumptive six-months period recognized in Zadvydas, that delay is insufficient to shift the burden to Respondents. If anything, that delay reflects the government of Kosovo being overwhelmed with processing back tens of thousands of Kosovars returning to Kosovo. See, e.g., Bukurie Bajraliu, Citaku: Asylum Is No Longer an Option for Kosovars, reprinted in BBC Monitoring Europe – Political, as Kosovo Officials Call on Citizens to Stop Seeking Asylum in EU Countries (July 15, 2013) (detailing Kosovo's massive efforts to process tens of thousands of Kosovars being removed to Kosovo from Hungary, Austria, France, etc.). Hence, the minor delay in Petitioner's removal cannot affect the significant likelihood of that removal in the reasonably foreseeable future. In fact, this Court's own research of the U.S. Immigration and Customs Enforcement ("ICE") webpage determined that a Kosovo-native alien detainee known under the name "Nezaj Fatmir" or, alternatively, having an alien ID No. "014919175" is no longer listed as a person in the DHS/ICE custody. This suggests that Petitioner was successfully removed to Kosovo, and his Petition should be dismissed as moot or, alternatively, for failure to

assert a violation of his federal rights.[2] However, recognizing that the ICE webpage might contain an inadvertent error, and Petitioner might be still in the United States, this Court will allow him an opportunity to detail his *personal circumstances*, if any, showing that there is no significant likelihood of his removal to Kosovo in the reasonably foreseeable future.

STANLEY R. CHESLER,
United States District Judge

Dated: 4/17/14

---

[2] Petitioner asserts a generalized due process claim alleging that Immigration does not provide a neutral decision-maker to review his continued custody. This generalized claim is unsupported by any factual content and will not be considered. He additionally appears to contend that there is no administrative procedure to "appeal a custody decision that violates Zadvydas." A claim under Zadvydas is properly brought in the district court, where the only relief is for the court to order unconditional release of the defendant because there is no reasonable prospect of a country accepting him.

4